UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RACHEL A. WINDHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 15-12809-FDS |
| ) | |
| HARMON LAW OFFICES, P.C., ) | |
| ) | |
| Defendant. ) | |

## ORDER

**SAYLOR, J.**

On June 24, 2015, plaintiff Rachel A. Windham filed a complaint against defendant Harmon Law Offices, P.C. alleging that it was in the process of "attempting to move to illegally foreclose on the [p]laintiff's property" and seeking an order enjoining defendant from proceeding with the foreclosure sale.  (Compl. at 2-3).[1]  On that same day, she filed an emergency motion for an injunction against the scheduled foreclosure auction along with a motion for leave to proceed in forma pauperis.  (Dkt. Nos. 2-3).

On June 26, 2015, this Court (Woodlock, J.) issued an order granting the motion for leave to proceed in forma pauperis.  (Dkt. No. 7).  The order directed plaintiff to submit a memorandum of law in support of her motion to enjoin the foreclosure by July 1, 2015.  (*Id.*).  It further directed plaintiff to "include [in that memorandum of law] an explanation of the basis of the Court's subject matter jurisdiction over this action" and expressed doubt as to that

---

[1] The complaint names "Harmon Law Office, et. al." as defendants, but it does not appear to identify any other defendants.

jurisdiction "[b]ecause it appears that the plaintiff and the defendant are both citizens of Massachusetts." (*Id.* at 2 (citing 28 U.S.C. § 1332)).

Windham filed the memorandum of law in support of her motion to enjoin the foreclosure sale, as directed by the Court, on July 2, 2015. (Dkt. No. 10).[2] The memorandum appears to base federal jurisdiction on a number of federal statutes, including 15 U.S.C. § 1692(f)(6) (a section of the Fair Debt Collection Practices Act), 18 U.S.C. § 241 (a criminal provision concerning conspiracy to violate federal law), and 26 U.S.C. § 7206 (a criminal provision of the Internal Revenue Code).[3]

The memorandum and complaint are far from clear as to the basis for jurisdiction under any of those statutes. Two criminal statutes clearly cannot give rise to federal jurisdiction. However, the reference to the Fair Debt Collection Practices Act, while vague, appears at least minimally relevant to Windham's claims. At this stage, and because Windham is a *pro se* party, the Court will construe the complaint liberally and decline to dismiss the action based on a lack of federal subject-matter jurisdiction. That denial is without prejudice, however, to reconsideration of the issue once plaintiff has clarified the basis of her complaint.

In considering whether to grant a motion for a preliminary injunction pursuant to Fed. R. Civ. P. 65(a), courts are required to consider four factors: "(1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on

---

[2] Windham's tardy filing of that document will not result in dismissal, although timely filings are expected of all parties, even those proceeding *pro se*.

[3] The complaint purports to refer to three federal statutes: 28 U.S.C. § 1657, which directs federal courts how to determine the order in which civil actions are heard; 15 U.S.C. § 579(b), which appears to be a non-existent statute; and 50 U.S.C. App. §§ 501, et seq., which concerns civil protections that foreclosing mortgagees must provide to active duty service members.

2

the public interest." *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 15 (1st Cir. 1996).

Here, based on the record before the Court, there is little likelihood of success on the merits.  Windham appears to have sued the wrong party, as she seeks to enjoin a foreclosure sale that she alleges the defendant law firm will conduct on behalf of non-party JP Morgan Chase, the entity that actually holds the mortgage.  While passing no judgment as to the merits of any claim Windham may or may not have against JP Morgan Chase, the Court finds that the chance of success as to her claims against Harmon is minimal at best.

Accordingly, plaintiff's emergency motion for an injunction against the scheduled foreclosure auction of the property located at 207 North Street, Randolph, Massachusetts, is DENIED.

**So Ordered.**

Dated: July 9, 2015

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge