UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
**RACHEL A. WINDHAM,**                  )
                                        )
      **Plaintiff,**             )
                                        )
                                        )    **Civil Action No.**
      v.                        )    **15-12809-FDS**
                                        )
**HARMON LAW OFFICES, P.C. and**        )
**JPMORGAN CHASE BANK, N.A.,**          )
                                        )
      **Defendants.**            )
_____)

### MEMORANDUM AND ORDER ON
### DEFENDANT'S MOTION TO DISMISS

**SAYLOR, J.**

      This lawsuit arises out of an attempted foreclosure on a residential property owned by plaintiff Rachel Windham.

      On June 24, 2015, Windham filed a *pro se* complaint against defendant Harmon Law Offices, P.C. alleging that it was in the process of "attempting to move to illegally foreclose on the [p]laintiff's property" and seeking an order enjoining Harmon from proceeding with the foreclosure sale. (Compl. at 2-3).  Harmon is the law firm that handled the foreclosure; the lender is JPMorgan Chase Bank, N.A.  On that same day, she filed an emergency motion for an injunction against the scheduled foreclosure auction along with a motion for leave to proceed *in forma pauperis*. (Dkt. Nos. 2-3).

      On June 26, 2015, this Court (Woodlock, J.) issued an order granting the motion for leave to proceed *in forma pauperis*.  (Dkt. No. 7).  The order directed plaintiff to submit a memorandum of law in support of her motion to enjoin the foreclosure, including "an explanation of the basis of the Court's subject matter jurisdiction over this action."  Windham

filed the memorandum on July 1, 2015. (Dkt. No. 10).  The memorandum appeared to assert claims against Harmon based on a number of federal statutes, including 15 U.S.C. § 1692(f)(6)(C) (a section of the Fair Debt Collection Practices Act), 18 U.S.C. § 241 (a criminal provision concerning conspiracy to violate federal law), and 26 U.S.C. § 7206 (a criminal provision of the Internal Revenue Code).

In an order issued July 8, 2015, this Court held that federal jurisdiction could not be predicated on the two criminal statutes alleged, but allowed Windham the opportunity to clarify the complaint with respect to her potential claim under the FDCPA.  Following the order, Windham filed an amended complaint on July 9, 2015, adding JPMorgan Chase Bank, N.A. as a named defendant.  The amended complaint does not refer to 15 U.S.C. § 1692(f)(6), but alleges in general terms that both Harmon and the bank "meet the requirements of . . . Unlawful Collection Practices, 15 USC 1692 (including listing the Plaintiff's debt for sale to the public . . . ." (Am. Compl. at 1-2).

On July 20, 2015, Harmon filed a motion to dismiss the claims against it, contending that the Court lacks subject-matter jurisdiction over Windham's claims, and, alternatively, that the amended complaint fails to state a claim against Harmon.

I.      **Legal Standard**

On a motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)).  To survive a motion to dismiss, the complaint must state a claim that is plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the

allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (quotations and original alterations omitted).

A document filed by a *pro se* party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted). *See also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

## II.  Analysis

Harmon first contends that the Court lacks subject-matter jurisdiction over plaintiff's claims. Whether a claim "arises under" federal law generally depends on an evaluation of the "well-pleaded complaint." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). As noted, the two criminal statutes to which plaintiff previously referred clearly cannot give rise to federal jurisdiction. However, the reference to the Fair Debt Collection Practices Act in the amended complaint, while vague and brief, appears to allege that Harmon violated the FDCPA by "listing the Plaintiff's debt for sale to the public." At this stage, and because plaintiff is proceeding *pro se*, the Court will construe the complaint liberally and decline to dismiss the action based on a lack of federal subject-matter jurisdiction.

Harmon further contends that even if federal question jurisdiction exists under the FDCPA, the amended complaint must be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to

state a claim upon which relief can be granted.

The amended complaint refers only generally to 15 U.S.C. § 1692, alleging that Harmon "[met] the requirements of . . . Unlawful Collection Practices, 15 USC 1692 (including listing the Plaintiff's debt for sale to the public . . . ." (Am. Compl. at 1-2). Plaintiff's opposition to the motion to dismiss indicates that the basis for that claim is that the FDCPA "provides that under no circumstances shall a debt collector 'list your debt for sale to the public,'"and that "Harmon Law Offices caused to be printed by way of a public notice in the Randolph Herald that the Plaintiff's home would be auctioned for non-payment of the mortgage, violating this statute." (Pl. Opp. at 3).

The Court will assume, without deciding, that the FDCPA applies to the actions of attorneys who conduct foreclosure proceedings.[1] It appears that the complaint alleges a violation of 15 U.S.C. § 1692d(4), which prohibits "[t]he advertisement for sale of any debt to coerce payment of the debt." According to the complaint, as amplified by plaintiff's opposition memorandum, the publication of the foreclosure notice in the newspaper violated that provision. But there is nothing in the complaint to suggest that the publication was anything other than an ordinary notice of a foreclosure sale; it was not an advertisement for sale of a debt, but an advertisement concerning foreclosure of the property securing the debt. Nor are there facts

---

[1] It appears that courts are split with respect to the question of whether law firms conducting foreclosure proceedings are subject to the FDCPA. *See Moore v. Mortgage Elec. Registration Sys., Inc.*, 848 F. Supp. 2d 107, 125 (D.N.H. 2012) (listing cases). Some cases have drawn a distinction between effecting a foreclosure and collecting a debt, and held that the FDCPA does not apply to the former. *See, e.g.*, *Speleos v. BAC Home Loans Servicing, L.P.*, 824 F. Supp. 2d 226, 231-33 (D. Mass. 2011); *Beadle v. Haughey*, 2005 WL 3000600, at *3 (D.N.H. Feb. 9, 2005); *Pettway v. Harmon Law Offices, P.C.*, 2005 WL 2365331 (D. Mass. Sep. 27, 2005). At least two courts of appeals, however, disagree. *See Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 376 (4th Cir. 2006) (excluding foreclosure activities from the FDCPA "would create an enormous loophole in the Act immunizing any debt from coverage if that debt happened to be secured by a real property interest and foreclosure proceedings were used to collect the debt."); *Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 235 (3d Cir. 2005) ("[T]he text of the FDCPA evidences a Congressional intent to extend the protection of the Act to consumer defendants in suits brought to enforce liens."). The First Circuit has not addressed the issue.

alleged in the complaint sufficient to establish that the advertisement was intended to coerce payment of the debt.

Plaintiff's opposition memorandum goes on to assert that Harmon, as counsel for JP Morgan Chase, made procedural mistakes in the course of the foreclosure proceedings. Specifically, plaintiff alleges that Harmon (1) has "attempt[ed] to act on an expired foreclosure order" and (2) failed to comply with the Servicemembers Civil Relief Act, 50 U.S.C. App. § 501 *et seq*. (Pl. Opp. at 3).[2] Those allegations, however, are not in the amended complaint. Furthermore, and without passing judgment on the merits of the allegations as defenses to the foreclosure itself, those alleged facts do not appear to constitute an "unfair or unconscionable means to collect [a debt]," 15 U.S.C. § 1692f, or to violate any other provision of the FDCPA, even assuming the statute covers Harmon's conduct.

In her July 1, 2015 memorandum, plaintiff specifically alleges that Harmon violated § 1692f(6)(C) of the FDCPA. That provision prohibits a debt collector from "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if . . . (C) the property is exempt by law from such dispossession or disablement." 15 U.S.C. § 1692f(6).[3] Again, that allegation is not in the amended complaint. Furthermore, nowhere in her filings does plaintiff assert facts indicating or explaining how the property at issue is "exempt by law" from foreclosure.

Accordingly, the amended complaint fails to state a claim upon which relief can be granted, and Harmon's motion to dismiss will therefore be granted.

---

[2] Plaintiff appears to concede that she is not a member of the military, and was not during the relevant time.

[3] It is not entirely clear from Harmon's briefing whether Harmon is contending that it is not a "debt collector" under the FDCPA. Regardless, for the purposes of § 1692f(6), the term "debt collector" includes an entity that is enforcing a security interest, as Harmon is here. *See* 15 U.S.C. § 1692a(6); *Speleos*, 824 F. Supp. 2d at 232.

## III. Conclusion

For the foregoing reasons, defendant Harmon Law Offices' motion to dismiss is GRANTED.

**So Ordered.**

|  |  |
|---|---|
|  | /s/ F. Dennis Saylor____ |
|  | F. Dennis Saylor IV |
| Dated: January 7, 2016 | United States District Judge |