# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RACHEL A. WINDHAM, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JPMORGAN CHASE BANK, N.A., ) <br> ) <br> Defendant. ) | Civil Action No. <br> 15-12809-FDS |

### MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION TO AMEND

**SAYLOR, J.**

This lawsuit arises out of an attempted foreclosure on a residential property owned by plaintiff Rachel Windham.

On June 24, 2015, Rachel Windham filed a *pro se* complaint against defendant Harmon Law Offices, P.C. alleging that it was in the process of "attempting to move to illegally foreclose on the [p]laintiff's property" and seeking an order enjoining Harmon from proceeding with the foreclosure sale. (Compl. at 2-3). Harmon is the law firm that handled the foreclosure; the lender is JPMorgan Chase Bank, N.A. ("Chase"). On that same day, she filed an emergency motion for an injunction against the scheduled foreclosure auction, along with a motion for leave to proceed *in forma pauperis*.

On June 26, 2015, this Court (Woodlock, J.) issued an order granting the motion for leave to proceed *in forma pauperis*. The order directed plaintiff to submit a memorandum of law in support of her motion to enjoin the foreclosure, including "an explanation of the basis of the Court's subject matter jurisdiction over this action." Windham filed the memorandum on July 1,

2015. The memorandum appeared to assert claims against Harmon based on a number of federal statutes, including 15 U.S.C. § 1692f(6)(C) (a section of the Fair Debt Collection Practices Act), 18 U.S.C. § 241 (a criminal provision concerning conspiracy to violate federal law), and 26 U.S.C. § 7206 (a criminal provision of the Internal Revenue Code).

In an order issued July 8, 2015, this Court held that federal jurisdiction could not be predicated on the two criminal statutes alleged, but allowed Windham the opportunity to clarify the complaint with respect to her potential claim under the FDCPA. Following the order, Windham filed an amended complaint on July 9, 2015, adding JPMorgan Chase Bank, N.A. as a named defendant. The amended complaint does not specifically refer to 15 U.S.C. § 1692f(6), but alleges in general terms that both Harmon and Chase "meet the requirements of . . . Unlawful Collection Practices, 15 USC 1692 (including listing the Plaintiff's debt for sale to the public) . . . ." (Am. Compl. at 1-2).

On July 20, 2015, Harmon moved to dismiss the claims against it, contending that the Court lacks subject-matter jurisdiction over Windham's claims, and, alternatively, that the amended complaint fails to state a claim against Harmon. On January 7, 2016, this Court granted Harmon's motion to dismiss, leaving Chase as the sole defendant.

On January 15, 2016, Chase moved to dismiss Windham's amended complaint, contending that her claims were precluded by or should have been raised in a previous lawsuit, and, in the alternative, that her amended complaint failed to state a claim upon which relief can be granted. On March 18, 2016, Windham moved for leave to file a second amended complaint.

I.    **Legal Standard**

Under Rule 15(a), a party may amend a "pleading" without leave of court in certain

relatively narrow circumstances.[1]  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Nonetheless, amendments may be denied on the basis of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  In determining whether to grant a motion to amend, the Court must examine the totality of the circumstances and "exercise its informed discretion in constructing a balance of pertinent considerations."  *Palmer v. Champion Mortg.*, 465 F.3d 24, 30-31 (1st Cir. 2006).

A court may deny a motion to amend if amendment would prove futile.  *See Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996).  "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted."  *Id.*  (citing 3 Moore's Federal Practice ¶ 15.08[4], at 15-80 (2d ed. 1993)); *see also Giuffre v. Deutsche Bank Nat. Trust Co.*, 759 F.3d 134, 139 (1st Cir. 2014).  When considering whether amendment would be futile, "the district court applies the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion."  *Glassman*, 90 F.3d at 623.

On a motion to dismiss under Rule 12(b)(6), the Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom."  *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)).  To survive a motion to dismiss, the complaint must state a claim

---

[1] A party may amend a pleading once as a matter of course within "21 days after serving it," or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1).

that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (quotations and original alterations omitted). Despite this standard, a document filed by a *pro se* party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

When deciding a Rule 12(b)(6) motion, courts are not limited to the complaint, but may use information "gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice," such as records from prior cases in this and other jurisdictions. *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011); *see also Boateng v. InterAmerican Univ., Inc.*, 210 F.3d 56, 60 (1st Cir. 2000) ("[A] court may look to matters of public record in deciding a Rule 12(b)(6) motion without converting the motion into one for summary judgment.").

II. **Analysis**

Windham's proposed second amended complaint appears to assert only one new claim against Chase. Because the motion to dismiss and the motion to amend are both analyzed under

essentially the same standard, the Court will analyze all of Windham's original and proposed claims together.

### A.     Alleged Violation of 15 U.S.C. § 1692

As noted in the Court's January 7, 2016 Memorandum and Order on Defendant Harmon's Motion to Dismiss, the amended complaint refers only generally to 15 U.S.C. § 1692, alleging that Chase "[met] the requirements of . . . Unlawful Collection Practices, 15 USC 1692 (including listing the Plaintiff's debt for sale to the public) . . . ." (Am. Compl. at 1-2). Plaintiff's opposition to Chase's motion to dismiss states that a public notice of foreclosure was printed in a local newspaper. It appears that the amended complaint intends to allege a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d(4), which prohibits "[t]he advertisement for sale of any debt to coerce payment of the debt." According to the amended complaint, as amplified by plaintiff's opposition memorandum to Harmon's July 2015 motion to dismiss, the publication of the foreclosure notice in the newspaper violated that provision. But there is nothing in the complaint to suggest that the publication was anything other than an ordinary notice of a foreclosure sale; it was not an advertisement for sale of a debt, but an advertisement concerning foreclosure of the property securing the debt. Nor are there facts alleged in the complaint sufficient to establish that the advertisement was intended to coerce payment of the debt. Therefore the amended complaint does not allege facts sufficient to support a claim under 15 U.S.C. § 1692d(4) against Chase and that claim will be dismissed.

In her proposed second amended complaint, Windham identifies 15 U.S.C. § 1692c as grounds for jurisdiction, but does not otherwise indicate that she is asserting a claim under that statute. Windham asserts—without naming the statute—that she told Chase to cease and desist all contact, and alleges that publication of notice of the foreclosure sale in a newspaper violated

her cease-and-desist request. Section 1692c provides:

> "If a consumer notifies a *debt collector* in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt . . . ."

15 U.S.C. § 1692c (emphasis added). The First Circuit has held that § 1692c applies to debt collectors, not creditors such as Chase: "Creditors collecting on their own accounts are generally excluded from the statute's reach." *Chiang v. Verizon New England Inc.*, 595 F.3d 26, 41 (1st Cir. 2010). Therefore, leave to add a claim for violation of 15 U.S.C. § 1692c in a second amended complaint will be denied as futile as such a claim would fail to state a claim on which relief can be granted.

    **B.**    <u>Alleged Violations of 42 U.S.C. § 1983</u>

Both the amended and proposed second amended complaints appear to allege a claim under 42 U.S.C. § 1983. In order to succeed on a § 1983 claim,

> "Respondents are first bound to show that they have been deprived of a right 'secured by the Constitution and the laws' of the United States. They must secondly show that [defendant] deprived them of this right acting 'under color of any statute' of the State . . . . [Respondents] must establish not only that defendant acted under color of the challenged statute, but also that its actions are properly attributable to the State . . . ."

*Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978). The Supreme Court has established three tests to determine when a private actor, like Chase, may be liable under § 1983 for actions "properly attributable to the State": the public-function test, the joint action/nexus test, and the state-compulsion test.

Windham's claim fails the public-function test because "settlement of disputes between debtors and creditors is not traditionally an exclusive public function." *Id.* at 161. Her claim also fails the state-compulsion test. Although Chase was pursuing foreclosure against Windham under Massachusetts state laws for non-judicial foreclosure, the Supreme Court "has never held

that a State's mere acquiescence in a private action converts that action into that of the State." *Id.* at 164.  Finally, the claim fails under the joint action/nexus test.  Windham does not allege that the state assisted Chase in seizing or foreclosing on her property, and therefore Chase cannot be characterized as a state actor working in concert with the state.  *See Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 941 (1982) ("[A] private party's joint participation with state officials in the seizure of disputed property is sufficient to characterize that party as a 'state actor.'").  Neither her amended nor her proposed second amended complaints name public officials or allege any actions by state actors.  Windham's § 1983 claim will therefore be dismissed and leave to amend the complaint to restate such a claim will be denied as futile.

       **C.**      **Alleged Violations of Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962, 1964**

In both her amended and second amended complaints, Windham contends that Chase, the U.S. Department of Housing and Urban Development, and Harmon conspired to illegally foreclose on her property.  In support of this claim, both complaints refer to civil conspiracy, fraud, and concealment in relation to a total loss claim that Windham alleges Chase fraudulently recovered from the government.  RICO provides a civil cause of action to "[a]ny person injured in his business or property by reason of a violation of section 1962," where a "person" engaged in "a pattern of racketeering activity."  18 U.S.C. §§ 1962, 1964(c).  This claim was also raised in her 2013 case against Chase, which Judge Young dismissed with prejudice on December 18, 2014.  (*Windham v. Harmon Law Offices P.C., et al.*, No. 13-cv-11371).

Chase has asserted an affirmative defense of *res judicata* on the total loss claim.  The First Circuit has held that "affirmative defenses . . . may be raised in a motion to dismiss an action for failure to state a claim."  *Blackstone Realty LLC v. F.D.I.C.*, 244 F.3d 193, 197 (1st Cir. 2001); *see also In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 16 (1st Cir. 2003)

(holding that *res judicata* is an affirmative defense that may be decided on a 12(b)(6) motion). In order for an affirmative defense to succeed in a Rule 12(b)(6) motion, "review of the complaint, together with any other documents appropriately considered under Fed. R. Civ. P. 12(b)(6), must 'leave no doubt' that the plaintiff's action is barred by the asserted defense." *Id.* (quoting *LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 508 (1st Cir. 1998)).

The doctrine of *res judicata*, or claim preclusion, provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). The First Circuit has established three elements of a *res judicata* defense: "(1) a final judgment on the merits in an earlier proceeding, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two actions." *In re Colonial Mortg.*, 324 F.3d at 16. The 2014 judgment entered against Windham fulfills the first element. The other two elements are also met: Windham asserted the same claim (an allegation of fraud in recovering a total loss claim) against the same party (Chase) in her 2013 lawsuit. Accordingly, Windham's civil conspiracy, fraud, and concealment claims under 18 U.S.C. §§ 1962 and 1964 are precluded by the doctrine of *res judicata* and will therefore be dismissed, and leave to amend and restate those claims will be denied.

D.   **Alleged Violations of Mass. Gen. Laws ch. 244, § 35A**

In both her amended and proposed second amended complaint, Windham contends that she was not properly served, that she was not sent a right-to-cure notice, and that Chase was acting on an expired foreclosure order. As to the first two allegations, in her 2013 lawsuit against Chase, Windham asserted similar claims regarding failure to provide proper notice of the foreclosure action. Again, these claims are barred by *res judicata*: there was a final judgment in

the matter, and Windham asserted the same claims regarding notice against the same party, Chase. Accordingly, those claims are precluded and will be dismissed.

Alternatively, Windham may be alleging that in 2015 Chase failed to provide notice of foreclosure. In her opposition memorandum to Chase's motion to dismiss, Windham states that she "was not served with a *new* notice of intent" and "no *new* affidavit was filed in the registry of deeds." (Pl. Opp. at 2) (emphasis added). Windham is therefore arguably alleging that Chase should have begun the foreclosure process from step one (sending her notice of a right to cure), rather than picking up where Chase had left off with public notice of the foreclosure sale in a local newspaper in accordance with Mass. Gen. Laws ch. 244, § 14. (*See* Pl. Opp. at 2). The Court rejects such a theory, because it would effectively allow homeowners to forestall foreclosure indefinitely by forcing creditors to restart the foreclosure process each time a complaint is dismissed, even when a court deemed the creditor to have correctly followed foreclosure proceedings in the first instance.

Windham caused Chase's 2013 foreclosure efforts to be put on hold while she challenged those efforts in court; when the Court entered judgment against Windham, her challenge failed and left Chase free to resume—rather than restart—its efforts. Chase was under no obligation to provide a second right-to-cure notice or to refile a complaint in the Land Court. Nor is it clear that the Land Court's December 2012 entry of judgment for Chase is an "expired order." Judge Young found that there was no evidence to support Windham's claims that Chase's 2012-13 attempt at foreclosure was not in accordance with the required state and federal foreclosure procedures. Therefore Chase may, once again, resume its foreclosure proceedings by resetting a foreclosure sale date and following the procedures outlined in Mass. Gen. Laws ch. 244, § 14 (outlining the steps required to provide notice of a foreclosure sale, including publication of

notice in a local newspaper).  Accordingly, Windham's claim that in 2015 Chase failed to provide notice of foreclosure, failed to properly serve Windham, and was acting under an expired foreclosure order will be dismissed, and leave to amend to restate such a claim will be denied.

### E.     Alleged Violation of Servicemember's Civil Relief Act, 50 U.S.C. § 3953

Windham's amended complaint states that she "is not in active military status" but that her husband is a veteran of the U.S. Marine Corps.  (Am. Compl. at 2).  For that reason, Windham contends that Chase had an obligation to follow the "SCRP" (construed as the Servicemember's Civil Relief Act) foreclosure process, which is governed in part by 50 U.S.C. § 3953.  Windham reasserts this claim in her proposed second amended complaint.

In reviewing the 2012 docket from the Land Court, it appears that Chase did, in fact, follow these procedures by filing a complaint under the Servicemember's Civil Relief Act ("SCRA") on June 5, 2012.  Even if Chase had failed to follow these procedures, however, that alone would not invalidate the foreclosure, because the SCRA does not apply to Windham or her husband, neither of whom was actively serving in the military within 90 days of the foreclosure. *See* 50 U.S.C. § 3953.  As the First Circuit noted in *Silva v. Massachusetts*, "[b]ecause there is no indication that [the plaintiff] fell under the protection provided by this federal statute . . . failure to comply with the Massachusetts procedures implementing the federal relief act had no effect on the validity of the foreclosure."  351 Fed. App'x 450, 452 n.2 (1st Cir. 2009) (citing *Beaton v. Land Court*, 367 Mass. 385, 305 (1975)).  Furthermore, as noted above, once this Court entered judgment for Chase in 2014, Chase was not required to refile a complaint with the Land Court under the SCRA in order to resume foreclosure on Windham's property.  Accordingly, Windham's claim that Chase violated 50 U.S.C. § 3953 is not cognizable and will be dismissed, and leave to amend the complaint to restate such a claim will be denied.

### III. <u>Conclusion</u>

For the foregoing reasons, defendant Chase's motion to dismiss is GRANTED and plaintiff Windham's motion for leave to file a second amended complaint is DENIED.

**So Ordered.**

|  |  |
|---|---|
|  | /s/ F. Dennis Saylor_____ |
|  | F. Dennis Saylor IV |
| Dated: April 25, 2016 | United States District Judge |